UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WAYNE ALLEN PIDARSON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

CASE NO. 14-cv-5858 JRC

ORDER ON PLAINTIFF'S COMPLAINT

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 10, 11, 12).

    After considering and reviewing the record, the Court concludes that the ALJ failed to evaluate properly the medical evidence. Although the ALJ found that Dr. Symonds' opinions with respect to lifting and carrying do not appear to be based on objective examination findings, Dr. Symonds specifically indicates that objective

examination findings support his opinion regarding lifting and carrying, noting "[o]bjective evidence of tenderness with pain with range of motion and lifting and reaching" (AR. 491). Hence, the Court concludes herein that the ALJ's failure to credit fully all of the opinions from Dr. Symonds is not supported by specific and legitimate reasons based on substantial evidence in the record as a whole.

Therefore, this matter should be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, WAYNE ALLEN PIDARSON, was born in 1959 and was 51 years old on the amended alleged date of disability onset of January 28, 2011 (*see* AR. 20, 44, 48, 226-32, 232-37). Plaintiff has an 8th grade education and has not obtained his GED (AR. 60-61). Plaintiff has work experience as an auto electrical rebuilder (AR. 277-78).

According to the ALJ, plaintiff has at least the severe impairments of "tendinitis/bursitis of the right upper extremity and neuropathy of the left lower extremity (20 CFR 404.1520(c) and 416.920(c))" (AR 22).

At the time of the hearing, plaintiff was living in an apartment with his mother (AR. 46-47).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* AR. 73-85, 86-98, 101-13, 114-28). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on December 4, 2012 (*see* AR. 38-68). On February 28, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 17-38).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Did the ALJ err in failing to apply Sedentary Grid rule 201.10; (2) Did the ALJ err in failing to find plaintiff's right wrist fusion to be a severe impairment at step 2 of the sequential evaluation process; (3) Did the ALJ err in rejecting the medical opinions of the Consultative Examiner, James K. Symonds M.D.; and (4) Were the ALJ's errors harmless (*see* Dkt. 10, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1)     **Did the ALJ err in rejecting the medical opinions of the Consultative Examiner, James K. Symonds M.D**.?

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected "for specific and legitimate

reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. James K. Symonds, M. D. examined plaintiff on September 22, 2011 (*see* AR. 487-91). Dr. Symonds reviewed some of plaintiff's records, including plaintiff's MRI (*see* AR. 488). Dr. Symonds also performed a physical examination (*see* AR. 489-91). For example, he observed that plaintiff exhibited pain with range of motion in his right shoulder; and that plaintiff has a right wrist fusion with "no range of motion" (AR. 490). Dr. Symonds indicated his impression that plaintiff's tendinitis/bursitis was "shown by MRI of December 2010" (AR. 491). Regarding plaintiff's shoulder, Dr. Symonds also indicated that there was "[o]bjective evidence of tenderness with pain with range of motion and lifting and reaching" (*see id.*). As noted by the ALJ, Dr. Symonds opined that plaintiff could "lift 10 pounds occasionally and less than 10 pounds frequently, occasionally reach with the right shoulder, [and] occasionally use the right wrist . . . ." (AR. 31 (*citing* AR. 491)). In his opinion regarding plaintiff's functional limitations, Dr. Symonds explains that plaintiff's manipulative limitations included "decreased range of motion of his fused right wrist, which he can use occasionally" (*see id.*).

The ALJ gave significant weight to some aspects of the opinion of Dr. Symonds, such as his opinion regarding standing, walking and sitting (*see* AR. 30). However, the ALJ provided "less weight to the other portions of Dr. Symonds' opinion because they appear to be less consistent with the record as a whole" (*id.*). This aspect of the ALJ's

reasoning is unsupported, general and not specific; however, the ALJ provided additional rationale in support of his conclusion regarding the medical opinion of Dr. Symonds.

The ALJ found that "the opined limitations on the claimant's lifting and carrying capacities do not appear to be based on any particular objective finding," noting that Dr. Symonds' examination findings showed full motor strength of the upper extremities (AR. 30-31). First, the Court concludes that the ALJ's finding that the opined limitations regarding lifting and carrying do not "appear to be based on any particular objective examination finding" is not based on substantial evidence in the record as a whole. A review of the record reveals that Dr. Symonds reviewed plaintiff's MRI and noted that it revealed tendinitis/bursitis (*see* AR. 491). He also indicated specifically that there was "[o]bjective evidence of tenderness with pain with range of motion and lifting and reaching" (*see id.*). In addition, when opining specifically regarding plaintiff's lifting and carrying limitations, Dr. Symonds indicated that this particular limitation was "[b]ased on the examination today" (*see id.*).

For the stated reasons and based on the record as a whole, the Court concludes that the ALJ's finding that Dr. Symonds' opined limitations are not based on objective examination findings is not a specific and legitimate reason based on substantial evidence in the record as a whole for failing to credit fully Dr. Symonds' opinions. In fact, this finding by the ALJ is directly contradicted by Dr. Symonds' opinion.

Secondly, Dr. Symonds' examination findings regarding full motor strength of the upper extremities also is not a specific and legitimate reason based on substantial evidence to reject the opined limitations because Dr. Symonds' opinions with respect to

lifting and carrying, and regarding occasionally reaching with the right shoulder, were not based on plaintiff's motor strength, but were based on "[o]bjective evidence of [right shoulder] tenderness with pain with range of motion and lifting and reaching" (*see* AR. 491).

The Court also concludes that the ALJ does not provide a specific reason for failing to credit Dr. Symonds' limitation to occasional use of plaintiff's right wrist, and the Court notes that Dr. Symonds' opinion regarding plaintiff's wrist appears to be based on plaintiff's lack of range of motion with his right wrist (*see id.*) ("Manipulative limitations are . . . . decreased range of motion of his fused right wrist, which he can use occasionally").

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ failed to provide specific and legitimate reasons based on substantial evidence in the record as a whole for the ALJ's failure to credit fully all of the opinions of Dr. Symonds. The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

(other citations omitted). Courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

The ALJ failed to accommodate multiple limitations opined by Dr. Symonds into plaintiff's residual functional capacity [RFC], including lifting and carrying limitations, limitation to occasionally reaching with the right shoulder, and the restriction to occasional use of the right wrist (*see* AR. 26). The ALJ presented to the vocational expert ["VE"] a hypothetical based on this incomplete RFC, then relied on the testimony of the VE regarding this hypothetical in order to conclude that plaintiff is capable of performing jobs in the national economy and therefore is not disabled (*see* AR. 31-32). Had the ALJ incorporated the opinions of Dr. Symonds into plaintiff's RFC, such would have altered the hypothetical presented to the VE, which may have altered the VE's testimony on which the ALJ relied when making the ultimate determination regarding disability in this matter. Therefore, the error is not harmless.

However, further administrative proceedings would be useful because it is not clear based on the record that plaintiff is indeed disabled. Therefore, this matter shall be reversed and remanded for further administrative proceedings, as opposed to reversed with a direction to award benefits. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (reversal with a direction to award benefits is inappropriate if further administrative proceedings would be useful due to findings that "the record as a

ORDER ON PLAINTIFF'S COMPLAINT - 7

whole is [not] free from conflicts, ambiguities, or gaps; . . . . and [] the claimant's entitlement to benefits is [not] clear under the applicable legal rules") (citations omitted).

**(2)        Did the ALJ err in failing to apply Sedentary Grid rule 201.10?**

The Court already has concluded that the ALJ erred when evaluating the medical evidence, *see supra*, section 1. Therefore, the medical evidence as a whole should be evaluated anew following remand of this matter, which may alter the ALJ's determination as to whether to use the Light Grid or the Sedentary Grid. The issue of the application of Sedentary Grid rule 201.10 will have to be evaluated by the ALJ in the first instance following re-evaluation of the medical evidence.

**(3)        Did the ALJ err in failing to find plaintiff's right wrist fusion to be a severe impairment at step 2 of the sequential evaluation process?**

The Court already has noted that the ALJ failed to provide any specific and legitimate reason for failing to accommodate the limitation by Dr. Symonds to only occasional use of plaintiff's wrist, *see supra*, section 1. This opinion by Dr. Symonds demonstrates that the right wrist fusion has more than a minimal impact on plaintiff's ability to conduct work activities and that this impairment therefore is severe.

CONCLUSION

Although the ALJ found that Dr. Symonds' opinions with respect to lifting and carrying do not appear to be based on objective examination findings, Dr. Symonds specifically indicates that objective examination findings support his opinion regarding lifting and carrying, and his opinion additionally is supported by the objective evidence

1 | consisting of plaintiff's MRI. The ALJ's rejection of some of Dr. Symonds' opinions is
2 | not supported by specific and legitimate reasons based on substantial evidence in the
3 | record.

4 | Based on the stated reasons and the relevant record, the Court **ORDERS** that this
5 | matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §
6 | 405(g) to the Acting Commissioner for further consideration consistent with this order.

7 | **JUDGMENT** should be for plaintiff and the case should be closed.

8 | Dated this 23rd day of March, 2015.

J. Richard Creatura
United States Magistrate Judge